United States District Court
Southern District of Texas

**ENTERED**
July 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARWIN JOSE COLINA-COLINA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-548 |
| | § | |
| PAMELA BONDI[1] *et al.* | § | |

## ORDER

Petitioner, an undocumented alien, brings this 28 U.S.C. § 2241 writ of habeas corpus, challenging the constitutionality of their detention (Dkt. No. 1). The Court previously stayed this case pending the Fifth Circuit's resolution of the identical legal issue presented here (*see* Dkt. No. 10). Finding good cause, the Court hereby **LIFTS** the stay and **ENTERS** the following order.

In *Rodriguez v. Ortega*, -- F.4th --, 2026 WL 1906557 (5th Cir. July 2, 2026),[2] the Fifth Circuit held "that the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." 2026 WL 1906557, at *16. "[A] hearing must be held within 90 days of the commencement of detention and that at the hearing, the Government must articulate an individualized justification for further detention without bond." *Id.*

If Petitioner has been detained under § 1225(b)(2)(A) for ninety or more days,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

[2] Even in the short time since the Fifth Circuit issued the opinion, the post-*Rodriguez* climate has rapidly evolved. A judge of the Fifth Circuit withheld issuance of *Rodriguez*'s mandate. 5th Cir. R. 41.4 I.O.P. For this reason, *Rodriguez* may not presently bind this Court. *Sayed v. Mullin*, No. EP-26-CV-00275-DCG, 2026 WL 1975614, at *2 n.12 (W.D. Tex. July 7, 2026) (comparing authorities). The Court need not decide at this time; it will apply *Rodriguez* as persuasive authority unless the Fifth Circuit issues a vacatur.

1

Respondents are **ORDERED** to comply with *Rodriguez* within **five days of the date of this Order**. *Id.* Respondents are further **ORDERED** to file an advisory confirming their compliance within five days after the bond hearing occurs. In the event Respondents fail to timely provide Petitioner with a bond hearing, they must **immediately** release Petitioner. If, however, Petitioner has not been detained for ninety or more days, their claim is premature under *Rodriguez.*

All relief not expressly provided for in this Order is **DENIED**. Respondents' Motion for Summary Judgment is **DENIED** (Dkt. No. 8). The Court will enter Final Judgment under separate cover. *See* Fed. R. Civ. P. 58(a).

The Court's previous order to advise it within three days of any developments in *Rodriguez* is **VACATED**.

It is so **ORDERED**.

**SIGNED** July 10, 2026.

_____
Marina Garcia Marmolejo
United States District Judge